UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE S. PEGG, | ) | CASE NO. 4:09CV1768 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY J. COLLINS, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Maurice S. Pegg filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry J. Collins, Ohio State Penitentiary ("OSP") Corrections Officer Wack, OSP Corrections Officer Tunison, and OSP Captain Beckager. In the complaint, plaintiff alleges a Corrections Officer wrote a conduct report against him to reduce his chances of being released on parole. He seeks $5,000,000.00.

**Background**

Mr. Pegg is currently incarcerated in OSP. He claims that on May 27, 2009, Corrections Officer Tunison wrote a conduct report against him. Although he does not provide information concerning the content of the report, he denies any wrong-doing. He

indicates he sent communications to Captain Beckager but did not receive the responses he wanted. He claims Officer Tunison wrote the report to reduce his chances of being granted release on parole.

Mr. Pegg further claims he has been imprisoned for over 18 years for a fourth degree felony when he was sentenced to only 180 days. Mr. Pegg was on parole from a sentence for robbery, breaking and entering, and carrying a concealed weapon when he was arrested on December 4, 1991 and charged with trafficking in a counterfeit controlled substance. He agreed to plead guilty to the charge and was sentenced to 180 days incarceration. He was also declared to be a parole violator. He was returned to prison where he remained incarcerated for the past eighteen years. Mr. Pegg claims he should have been released after he served his 180 day sentence.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

As an initial matter, Mr. Pegg raised the question of his continued incarceration beyond 180 days in a previous civil rights action. *See Pegg v. Ohio Parole Board*, Case No. 5:08 CV 359 (N.D. Ohio filed February 13, 2008)(Lioi, J.) That action was dismissed on the merits. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a third time.

Moreover, the same reasons justifying dismissal of Mr. Pegg's claim in the 2008 case still apply to support dismissal of this claim. Mr. Pegg challenges his continued confinement and seeks release from prison. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner cannot obtain an order for release from incarceration or relief from the duration of his sentence in an action filed under 42 U.S.C. § 1983. *Id.*

In addition, Mr. Pegg fails to state a claim for relief against ODRC Director

Terry J. Collins, OSP Corrections Officer Wack, OSP Corrections Officer Tunison, or OSP Captain Beckager. There are no allegations in the Complaint against Officer Wack. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate this defendant to any of the claims set forth by plaintiff.

Mr. Collins and Captain Beckager are included as defendants because they did not respond favorably to Mr. Pegg's grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

Finally, Mr. Pegg fails to identify a legal cause of action against Officer Tunison. Plaintiff fails to identify any particular constitutional right he believes to have been violated by the defendant. He provides a short narrative of facts and then concludes that the defendant "violated Dale Bradley's constitutional rights." (Compl. at 4.) Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278.

To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against him and the defenses he might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his § 1983 action.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: October 27, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.